UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEMPER INDEPENDENCE INSURANCE           :
COMPANY, as subrogee of Beth Collins,   :    Docket No. 1:15-CV-0472 (TJM/RFT)
                                        :
                                        :
                            Plaintiff,  :    **COMPLAINT**
                                        :
        -against-                       :
                                        :    **JURY TRIAL DEMANDED**
                                        :
WATTS WATER TECHNOLOGIES, INC.          :
                                        :
                                        :
                            Defendant.  :
                                        :
------------------------------------------------------------X

Plaintiff, Kemper Independence Insurance Company, as subrogee of Beth Collins, by and through its undersigned counsel and for its Complaint against Defendant, Watts Water Technologies, Inc., avers as follows:

**PARTIES**

1. Plaintiff, Kemper Independence Insurance Company, is a corporation duly organized and existing under the laws of Illinois, with its principal place of business at 1 East Wacker Drive, Chicago, IL 60601.

2. At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of New York.

3. Defendant, Watts Water Technologies, Inc., is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 815 Chestnut Street, North Andover, MA 01845.

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs of this action.

5. Venue is properly laid in this judicial district as the events giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff's insured, Beth Collins, owned the real and personal property located at 7 Arnold Drive, Woodstock, NY 12498 ("Subject Property").

7. At all times material hereto, Plaintiff provided insurance coverage for the Subject Property, pursuant to policy number RB 877023 ("Policy").

8. At all times material hereto, Defendant was engaged in the business, *inter alia*, of manufacturing water supply lines.

9. Prior to November 21, 2012, two water supply lines manufactured by Defendant ("Subject Lines") were installed in the Subject Property.

10. The Subject Lines were connected to a sink in the Subject Property.

11. On information and belief, the Subject Lines were Watts FloodSafe Model FSF20 5000160 3/8-inch OD by ½ FIP by 20.

12. On or about November 21, 2012, the Subject Lines failed and allowed water to leak into the Subject Property.

13. Plaintiff's insureds discovered water leaking from the Subject Lines when they returned home from vacation on November 21, 2012.

14. The water that leaked from the Subject Lines caused significant damage to the Subject Property.

15. The Collins submitted a claim to Plaintiff and, pursuant to the terms of the Policy, Plaintiff compensated the Collins for the damage to the Subject Property.

16. The total damage to the Subject Property exceeded $75,000.

17. By virtue of its payments, and in accordance with the common law principles of legal and equitable subrogation, as well as the terms of the Policy, Plaintiff is legally and equitably subrogated, to the extent of its payments, to its insureds' right to recovery against Defendant.

## COUNT I – STRICT PRODUCT LIABILITY

18. Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

19. Defendant is a manufacturer of water supply lines.

20. The Subject Lines were defective as designed by Defendant.

21. As designed by Defendant, a portion of each of the Subject Lines was insufficiently thick.

22. The Subject Lines were also defective because Defendant failed to provide adequate warnings regarding the use of the Subject Lines.

23. As designed by Defendant, the Subject Lines were not reasonably safe for their intended use.

24. The defects in the Subject Lines existed when the Subject Lines left Defendant's control.

25. The Subject Lines were not altered after they left Defendant's control.

26. The Subject Lines were used for the purpose, and in the manner, normally intended by Defendant.

27. Plaintiff's insured could not have reasonably discovered the defects in the Subject Lines.

28. The defects in the Subject Lines caused the November 21, 2012 water loss and damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount to be proven at trial along with interest, the costs of this action, and any further relief the Court deems appropriate.

## COUNT II – NEGLIGENCE

29. Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

30. Defendant had a duty to exercise due care in designing the Subject Lines.

31. Defendant breached its duty to exercise due care in designing the Subject Lines.

32. The water damage to the Subject Property was the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, as follows:

    A. Failing to properly design the Subject Lines;

    B. Acting unreasonably when designing the Subject Lines;

    C. Designing the Subject Lines so a portion of the Subject Lines was insufficiently thick; and

    D. Failing to include adequate warnings regarding the use of the Subject Lines.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount to be proven at trial along with interest, the costs of this action, and any further relief the Court deems appropriate.

Dated: April 15, 2015

                Respectfully submitted,

                COZEN O'CONNOR

                Robert W. Phelan, Esq.
                Bar Roll# 513782
                Attorneys for Plaintiff
                45 Broadway, 23rd Floor
                New York, New York 10006
                (212) 908-1274

Of Counsel:
Christopher H. Boyle, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2068
Fax: (215) 253-6778
chboyle@cozen.com

5